IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 05-00042-01-CR-W-DW |
| BILLY G. HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO DISMISS COUNT TWO AS UNCONSTITUTIONAL
AS APPLIED TO DEFENDANT**

Before the court is defendant's motion to dismiss count two of the indictment on the ground that it is unconstitutional as applied. I find that defendant's speech is not protected by the First Amendment freedom of speech. Therefore, defendant's motion to dismiss count two should be denied.

## I.     BACKGROUND

On February 9, 2005, an indictment was returned charging defendant with one count of using a facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (count one), and one count of interstate travel to attempt to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b) (count two).

On May 9, 2005, defendant filed the instant motion to dismiss (document number 32). In support of his motion, defendant argues that:

18 U.S.C. 2423(b) is unconstitutional as applied to Mr. Hicks because it violates his First Amendment right to freedom of speech and freedom of assembly. In this case, the statute criminalizes Mr. Hicks's beliefs because Mr. Hicks never actually knew whether the individual was a minor or someone posing as a minor. Rather he is alleged to have believed the undercover agent was a minor solely because the agent was deliberately holding himself out and trying to act like a minor. Because Mr. Hicks never actually met the person holding himself out as a minor nor ever went to the meeting point, the only basis for this cause of action is the speech which Mr. Hicks transmitted over the Internet coupled with the travel which is protected under the freedom of assembly clause of the First Amendment.

On May 19, 2005, the government filed a response in opposition (document number 35) pointing out first that defendant did indeed go to the meeting point, which was the Kansas City International Airport. In addition, the government states, in part, as follows:

> § 2423(b) criminalizes the <u>interstate travel</u> for the purpose of having illegal sex with a minor, for which the defendant's speech is merely proof of his purpose. Defendant's complaint that he never knew the person on the other end of his communications was a minor confuses his attempted defense of lack of criminal intent with the constitutional acceptability of criminalizing travel with the intent to sexually abuse a minor.

## II.    THE INDICTMENT

Count two of the indictment reads as follows:

> On or about February 5, 2005, in the Western District of Missouri and elsewhere, the defendant BILLY G. HICKS, JR., knowingly traveled in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(b).

2

## III.    SUFFICIENCY OF INDICTMENT

As defendant acknowledges, the Second Circuit Court of Appeals addressed the very issue raised here and rejected the defendant's constitutionality argument.  In United States v. Han, 230 F.3d 560 (2nd Cir. 2000), an investigator went onto the Internet posing as a 13-year-old girl.  Han contacted the investigator in a chat room and began sexually explicit Internet conversations with her, and called her on the phone.  Han arranged to meet the girl at a school park, traveled from New Jersey to New York, went to the park, and called out to the investigator who was posing as the young girl.  Han was charged with violating § 2423(b), and he challenged the constitutionality of that statute as applied because it criminalizes "mere thought" along with travel.  The court rejected that argument, pointing out that Han formed the intent prohibited by § 2423(b) (i.e., the intent to have illegal sex with a minor) and took sufficient steps to bring that intent to fruition by formulating his plan before he crossed the state border, crossing state lines, and going to the arranged meeting spot.

This argument was also raised by the defendant in United States v. Meek, 366 F.3d 705, 720-722 (9th Cir. 2004).  In that case, police obtained permission from a minor and his father to use the minor's computer and AOL account (including his user name) to visit chat rooms.  The minor had previously been involved in posing for sexually explicit pictures for someone he met in an Internet chat room.  A detective posed as the minor and received e-mails and instant messages from the defendant, Meek, who sent a

3

sexually explicit photograph through the computer and spoke with the "boy" about

having sex with him.  Meek was charged with a violation of 18 U.S.C. § 2422(b) (using

the internet to induce a minor to engage in sex) and raised, among other things, the issue

of whether his conduct was protected by the First Amendment's freedom of speech since

he only had communications with an adult, i.e., the detective posing as a minor.  In

rejecting that argument, the court had this to say:

> [T]here is no otherwise legitimate speech jeopardized by § 2422 because the
> statute only criminalizes conduct, i.e., the targeted inducement of minors for
> illegal sexual activity.  Here, speech is merely the vehicle through which a
> pedophile ensnares the victim.  See United States v. Rowlee, II, 899 F.2d 1275,
> 1278 (2nd Cir. 1990) ("Speech is not protected by the First Amendment when it
> is the very vehicle of the crime itself.").  Because "persua[ding] . . . a boy under
> the age of sixteen to engage in prostitution and other sexual acts for which a
> person could be charged with a criminal offense" comes closer to "incitement"
> than it does to general "advocacy," the statute does not run afoul of the First
> Amendment.  See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 253 (2002)
> ("The government may suppress speech advocating . . . a violation of law . . . if
> 'such advocacy is directed to inciting or producing imminent lawless action and is
> likely to incite or produce such action.'"), quoting Brandenburg v. Ohio, 395 U.S.
> 444, 447 (1969) (per curium).  The inducement of minors to engage in illegal
> sexual activity enjoys no First Amendment protection.  [United States v.] Bailey,
> [228 F.3d 637,] 639 [(6th Cir. 2000)].

The court further reasoned that the term "knowingly" as it is used in § 2422(b)

requires the defendant to know or believe that the person whom he seeks to induce into

sexual activity is a minor, and therefore the statute does not infringe on legitimate speech

between adults.  Contrary to defendant's assertion, the intended victim need not be a

minor; rather, the government must prove that one of the parties in the conversation

intended to target a minor for criminal sexual activity.  Id. at 722.  The indictment here

4

alleges that defendant traveled in interstate commerce for the purpose of engaging in illicit sexual conduct. Whether the government's evidence will prove such a fact to the jury is another question. Defendant's assertion that he "never actually knew" whether the intended victim was a minor will better serve him as a defense, as it is not grounds for dismissing this count on constitutional grounds.

Defendant relies on Ashcroft v. Free Speech Coalition, 535 U.S. 253 (2002), in support of his argument. Ashcroft v. Free Speech Coalition dealt with virtual child pornography. The Court held that the government may suppress speech for advocating the use of force or a violation of law if such advocacy is directed to inciting or producing imminent lawless action; however, in the case of virtual child pornography, there is no attempt, incitement, solicitation, or conspiracy. Ashcroft v. Free Speech Coalition does not support defendant's argument because in the case of § 2423(b), using speech in furtherance of interstate illicit sexual activity is "incitement" which was absent in Ashcroft v. Free Speech Coalition.

## IV.    CONCLUSION

I find that count two of the indictment as applied does not violate the defendant's First Amendment freedom of speech because defendant's speech was used in furtherance of his plan to induce a minor to engage in illicit sexual activity, speech which is not protected by the First Amendment. Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order denying the defendant's motion to dismiss count two of the indictment.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.


                                            /s/ Robert E. Larsen
                                         ROBERT E. LARSEN
                                         United States Magistrate Judge


Kansas City, Missouri
June 7, 2005

Case 4:05-cr-00042-DW    Document 43    Filed 06/07/05    Page 6 of 6