IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00042-01-CR-W-DW |
| BILLY G. HICKS, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE

Before the court is defendant's motion to dismiss counts one and two of the indictment on the ground that the statutes criminalizes conduct dealing with an individual who is or "appears to be" under the age of 18, and the Fifth Amendment Due Process clause is violated under these circumstances because the accused does not have fair notice. I find that no actual minor is required to charge and convict for attempting to violate the statutes at issue in this case. Therefore, defendant's motion to dismiss counts one and two should be denied.

I.  BACKGROUND

On February 9, 2005, an indictment was returned charging defendant with one count of using a facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (count one), and one count of

interstate travel to attempt to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b) (count two).

On May 9, 2005, defendant filed the instant motion to dismiss (document number 34). In support of his motion, defendant argues that "[t]o allow the government's use of apparent age creates a Fifth Amendment Due Process issue because it fails to give the accused fair notice."

On May 19, 2005, the government filed a response in opposition (document number 40) stating, in part, as follows:

> [T]he factual impossibility in this case of the consummation of each offense with an actual minor is the reason each offense is charged as an attempt. This approach has been approved by a long line of cases acknowledging the efficacy and desirability of "sting" operations. The statutes which criminalize the attempted completion of each of the substantive offenses of interstate enticement and travel to engage in sex with a minor fairly encompass these "sting" operations. . . . While the . . . indictment does not mention government agents, it does place the "attempt" modifier before the inducement language. This sufficiently notifies the defense that the incomplete portion of the offense is not the use of the facility of interstate commerce, but the factual inability of the defendant to complete the inducement of someone under the age of 18.

## II. THE INDICTMENT

Count one of the indictment reads as follows:

> Between on or about January 18, 2005, and February 5, 2005, in the Western District of Missouri and elsewhere, defendant BILLY G. HICKS, JR., knowingly used a facility of interstate commerce to attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, the following felonies proscribed by the statutes of the State of Missouri: statutory rape in the first degree (Mo. St. 566.032); and statutory rape in the second degree (Mo. St.

2

566.034); and statutory sodomy in the first degree (Mo. St. 566.062); and statutory sodomy in the second degree (Mo. St. 566.064), all in violation of Title, 18, United States Code, Section 2422(b).

Count two of the indictment reads as follows:

> On or about February 5, 2005, in the Western District of Missouri and elsewhere, the defendant BILLY G. HICKS, JR., knowingly traveled in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(b).

### III.   SUFFICIENCY OF INDICTMENT

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903 (8th Cir. 1996). The sufficiency of the indictment is to be judged by practical, and not by technical considerations. Rood v. United States, 340 F.2d 506, 509 (8th Cir.), cert. denied, 381 U.S. 906 (1965). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. United States v. Nabors, 45 F.3d 238, 239 (8th Cir. 1995).

Defendant offers no legal authority for his argument that his Fifth Amendment Due Process rights are violated by the government charging him with violations of these statutes when the person to whom he was communicating was actually an adult and not a

3

minor under the age of 18. I have found no authority supporting defendant's argument; however, there is ample case law to support the indictment as charged.

In United States v. Murrell, 368 F.3d 1283 (11th Cir.), cert. denied, 125 S. Ct. 439 (2004), Anthony Murrell used his computer to arrange what he thought would be a sexual encounter with a 13-year-old girl through who he thought was that girl's father. In reality, a detective was on the internet posing as a man willing to rent his 13-year-old daughter to Murrell for sex in exchange for $300. Murrell spoke with the "father" on the telephone, stated that he wanted to have oral sex and intercourse with the daughter, and agreed to meet at a Holiday Inn. Murrell arrived at the hotel at the specified time, bringing with him a teddy bear, $300 cash, and a box of condoms. He met with the detective, believing the detective was the girl's father, and stated that he was ready to meet the girl.

Murrell argued that his conduct was not criminally proscribed by the language of §2422(b) because he did not directly communicate with a minor or a person he believed to be a minor. The court of appeals, in rejecting that argument, held that:

> To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. . . .

Id. at 1286. The court found that by negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him, which fits squarely within the definition of "induce," satisfying the first element of

4

attempt. The court further found that Murrell took a substantial step toward inducing a minor to engage in illicit sexual acts, thereby satisfying the second element of criminal attempt. He did this by (1) making several explicit incriminating statements to Detective Spector; (2) traveling two hours to another county to meet a minor girl for sex in exchange for money; and (3) carrying a teddy bear, $300.00 in cash, and a box of condoms when he arrived at the meeting site. "His actions, taken as a whole, demonstrate unequivocally that he intended to influence a young girl into engaging in unlawful sexual activity and that his conduct was therefore criminal."

Therefore, the Murrell court specifically found that "direct communication with a minor or supposed minor is unnecessary under the text of § 2422(b), and that Murrell's conduct satisfied the elements of attempt".

In United States v. Root, 296 F.3d 1222 (11th Cir. 2002), cert. denied, 537 U.S. 1176 (2003), John Root traveled across state lines for the purpose of having sex with a minor after he engaged in sexually explicit conversations over the internet with a law enforcement officer posing as a 13-year-old girl. He was convicted of attempting to violate § 2422(b) and § 2423(b). The court of appeals rejected Root's argument that an actual minor is necessary for a conviction of either statute, citing United States v. Farner, 251 F.3d 510 (5th Cir. 2001); United States v. Miller, 102 F. Supp. 2d 946, 947-948 (N.D. Ill. 2000); and United States v. Powell, 1 F. Supp. 2d 1419, 1421 (N.D. Ala. 1998),

5

aff'd, 177 F.3d 982 (11th Cir. 1999), all of which held that an actual minor is not required for an attempt conviction under these statutes.

In United States v. Meek, 366 F.3d 705 (9th Cir. 2004), police obtained permission from a minor and his father to use the minor's computer and AOL account (including his user name) to visit chat rooms. The minor had previously been involved in posing for sexually explicit pictures for someone he met in an Internet chat room. A detective posed as the minor and received e-mails and instant messages from the defendant, Meek, who sent a sexually explicit photograph through the computer and spoke with the "boy" about having sex with him. Meek was charged with a violation of 18 U.S.C. § 2422(b). He argued that § 2422(b) does not apply when the actual victim is an adult rather than a minor. In rejecting that argument, the court had this to say:

> The statute requires mens rea, that is, a guilty mind. The guilt arises from the defendant's knowledge of what he intends to do. In this case, knowledge is subjective – it is what is in the mind of the defendant. Thus, a jury could reasonably infer that Meek knowingly sought sexual activity, and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant. Meek possessed the guilty mind required by the statute.
>
> Meek's crime was an attempted violation of § 2422(b). The attempt provision of this statute underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime. It would be contrary to the purpose of the statute to distinguish the defendant who attempts to induce an individual who turns out to be a minor from the defendant who, through dumb luck, mistakes an adult for a minor. To hold otherwise would bestow a windfall to one defendant when both are equally culpable.

United States v. Meek, 366 F.3d at 718.

The court then analogized the attempt provision in § 2422(b) with the attempted solicitation of prostitution, where the criminal conduct is the knowing effort to solicit an individual for prostitution. "That the individual turns out to be a decoy undercover officer does not vitiate the criminal conduct – indeed, such sting operations are 'common practice.'" Id. at 719, quoting Rodriguez v. Panayiotou, 314 F.3d 979, 984 (9th Cir. 2002). In addition, such an interpretation of the statute would prevent law enforcement officers from effectively policing the illegal inducement of minors for sex. "Taking such a restrictive view of the statute would frustrate its purpose. . . . The fact that Meek was mistaken in his belief that he was corresponding with a minor does not mitigate or absolve his criminal culpability; the simple fact of Meek's belief is sufficient as to this element of a § 2422(b) violation." United States v. Meek, 366 F.3d at 719, 720.

The reasoning of Meek was adopted by the Ninth Circuit with respect to both § 2422(b) and § 2423(b) in an unpublished opinion, United States v. Vail, 2004 WL 1257695 (9th Cir., June 7, 2004). See also United States v. Munro, 394 F.3d 865 (10th Cir.) (court of appeals affirmed conviction for attempt provision of § 2422(b) when facts of the case included an adult undercover officer posing as a 13-year-old girl on the internet), cert. denied, 125 S. Ct. 1964 (2005).

In United States v. Han, 230 F.3d 560 (2d Cir. 2000), an undercover officer posed as a 13-year-old girl on the internet, and Pierce Han began sexually explicit conversations with her in a chat room. He was arrested after he crossed state lines and arrived at the

7

pre-arranged meeting place, intending to meet the girl for sex.  Han's conviction for violating the attempt provision of § 2423(b) was affirmed.

The case law is clear that an actual minor is not necessary to charge or convict for the attempted violation of § 2422(b) or § 2423(b).

In addition, I note that defendant's argument is more in line with the defense of impossibility rather than grounds for dismissing an indictment.

To constitute a defense to an attempt prosecution, the circumstances must be such as to render successful completion of the crime legally impossible rather than merely factually impossible.  "Factual impossibility refers to those situations in which a circumstance or condition, unknown to the defendant, renders physically impossible the consummation of his intended criminal conduct.  Thus, the oft-reciting example of the would-be thief who attempts to pick an empty pocket.  Legal impossibility refers to those situations in which the intended acts, even if successfully carried out, would not amount to a crime.  Thus, attempt is not unlawful where success is not a crime, and this is true even though the defendant believes his scheme to be criminal."  United States v. Frazier, 560 F.2d 884, 887 (8th Cir. 1977) (citations omitted), cert. denied, 435 U.S. 968 (1978).

In this case, legal impossibility does not exist, only factual impossibility, which is not a defense to these attempt charges.  Neither is factual impossibility grounds for dismissing an indictment.

8

## IV.   CONCLUSION

I find that counts one and two of the indictment contain the elements of the offenses charged and fairly inform the defendant of the charges against which he must defend; that both counts one and two of the indictment contain sufficient information to allow defendant to plead double jeopardy; and that the lack of an actual minor is not grounds for dismissing either count of this indictment.  Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order denying the defendant's motion to dismiss counts one and two of the indictment for failure to state an offense.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.

       */s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 8, 2005