IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00042-01-CR-W-DW |
| BILLY G. HICKS, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS COUNT TWO AS UNCONSTITUTIONALLY VAGUE

Before the court is defendant's motion to dismiss count two of the indictment on the ground that it is unconstitutionally vague. I find that § 2423(b), charged in count two of the indictment, involves no First Amendment protection; that a person of common intelligence would reasonably understand the statute to proscribe the conduct alleged in the indictment; and the statute does not lend itself to arbitrary enforcement. Therefore, defendant's motion to dismiss count two as unconstitutionally vague should be denied.

**I.   BACKGROUND**

On February 9, 2005, an indictment was returned charging defendant with one count of using a facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (count one), and one count of interstate travel to attempt to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b) (count two).

On May 9, 2005, defendant filed the instant motion to dismiss (document number 31). In support of his motion, defendant argues that § 2423(b) criminalizes interstate travel to engage in illicit sexual conduct, and that 18 U.S.C. § 2423(f)(1) defines illicit sexual activity as certain sexual acts with a person under the age of 18, but the person to whom defendant was conversing on the internet was an adult male. This means the statute, as applied, must criminalize interstate travel to engage in sex acts with a person who "appears to be" under the age of 18, a phrase which is unconstitutionally vague.

On May 19, 2005, the government filed a response in opposition (document number 38) arguing that the conduct outlawed by § 2423(b) does not impinge on any speech; defendant has demonstrated actual knowledge of the illegality of his actions; any reasonable person would know that travel for illegal sexual activity with a minor, if the defendant intended to have sex with the minor and took substantial steps to effect the travel for that purpose, is illegal; and § 2423(b) does not allow the proof of any of the elements to be based on the individual judgment of any given police officer.

## II.     THE INDICTMENT

Count two of the indictment reads as follows:

> On or about February 5, 2005, in the Western District of Missouri and elsewhere, the defendant BILLY G. HICKS, JR., knowingly traveled in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(b).

2

### III. THE STATUTE

Title 18, United States Code, Section 2423(b), states as follows:

Travel with intent to engage in illicit sexual conduct.
A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

Section 2423(e) provides that anyone attempting to violate subsection (b) shall be punished in the same manner as a completed violation of that subsection.

Title 18, United States Code, Section 2423(f)(1) defines "illicit sexual conduct" as a sexual act with a person under 18 years of age.

### IV. SUFFICIENCY OF THE INDICTMENT

Defendant argues that count two of the indictment is unconstitutionally vague because it must include the unstated "appears to be" under the age of 18 since the person the defendant traveled to meet was an undercover law enforcement officer well beyond the age of 18.

A penal statute must define a criminal offense with sufficient specificity that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Doe v. Miller, 405 F.3d 700, 708 (8th Cir. 2005).

> Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. . . . Laws must give the person of ordinary intelligence a reasonable

3

opportunity to know what is prohibited, so that he may act accordingly. . . . Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts at hand. . . . This inquiry looks at what a person of common intelligence would reasonably understand the statute to proscribe, not what that particular defendant understood the statute to mean. . . . The second part of the statutory due process inquiry is whether the statute lends itself to arbitrary enforcement.

United States v. Washam, 312 F.3d 926, 929-931 (8th Cir. 2002).

A. *FIRST AMENDMENT*

It is well established that there is no First Amendment protection with this statute. In United States v. Han, 230 F.3d 560 (2nd Cir. 2000), an investigator went onto the Internet posing as a 13-year-old girl. Han contacted the investigator in a chat room and began sexually explicit Internet conversations with her, and called her on the phone. Han arranged to meet the girl at a school park, traveled from New Jersey to New York, went to the park, and called out to the investigator who was posing as the young girl. Han was charged with violating § 2423(b), and he challenged the constitutionality of that statute as applied because it criminalizes "mere thought" along with travel. The court rejected that argument, pointing out that Han formed the intent prohibited by § 2423(b) (i.e., the intent to have illegal sex with a minor) and took sufficient steps to bring that intent to fruition by formulating his plan before he crossed the state border, crossing state lines, and going to the arranged meeting spot.

In United States v. Meek, 366 F.3d 705, 720-722 (9th Cir. 2004), police obtained permission from a minor and his father to use the minor's computer and AOL account

4

(including his user name) to visit chat rooms. The minor had previously been involved in posing for sexually explicit pictures for someone he met in an Internet chat room. A detective posed as the minor and received e-mails and instant messages from the defendant, Meek, who sent a sexually explicit photograph through the computer and spoke with the "boy" about having sex with him. Meek was charged with a violation of 18 U.S.C. § 2422(b) (using the internet to induce a minor to engage in sex) and raised, among other things, the issue of whether his conduct was protected by the First Amendment's freedom of speech since he only had communications with an adult, i.e., the detective posing as a minor. In rejecting that argument, the court had this to say:

> [T]here is no otherwise legitimate speech jeopardized by § 2422 because the statute only criminalizes conduct, i.e., the targeted inducement of minors for illegal sexual activity. Here, speech is merely the vehicle through which a pedophile ensnares the victim. See United States v. Rowlee, II, 899 F.2d 1275, 1278 (2nd Cir. 1990) ("Speech is not protected by the First Amendment when it is the very vehicle of the crime itself."). Because "persua[ding] . . . a boy under the age of sixteen to engage in prostitution and other sexual acts for which a person could be charged with a criminal offense" comes closer to "incitement" than it does to general "advocacy," the statute does not run afoul of the First Amendment. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 253 (2002) ("The government may suppress speech advocating . . . a violation of law . . . if 'such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.'"), quoting Brandenburg v. Ohio, 395 U.S. 444, 447 (1969) (per curium). The inducement of minors to engage in illegal sexual activity enjoys no First Amendment protection. [United States v.] Bailey, [228 F.3d 637,] 639 [(6th Cir. 2000)].

The court further reasoned that the term "knowingly" as it is used in § 2422(b) requires the defendant to know or believe that the person whom he seeks to induce into sexual activity is a minor, and therefore the statute does not infringe on legitimate speech

5

between adults.

In Ashcroft v. Free Speech Coalition, 535 U.S. 253 (2002), the Court held that the government may suppress speech for advocating the use of force or a violation of law if such advocacy is directed to inciting or producing imminent lawless action. That case dealt with virtual child pornography where, the Court held, there is no attempt, incitement, solicitation, or conspiracy. In the case of § 2423(b), however, using speech in furtherance of interstate illicit sexual activity is "incitement" which was absent in Ashcroft v. Free Speech Coalition.

Based on all of the above, I find that there is no First Amendment implication with respect to § 2423(b).

B.   *REASONABLE UNDERSTANDING OF A PERSON OF COMMON INTELLIGENCE*

Because there is no First Amendment freedom involved in the application of this statute, the next inquiry is whether a person could reasonably understand what conduct is proscribed. Defendant argues that the statute is vague because it must include potential victims who "appear to be" minors because they were posing as minors during the pre-travel communications.

In United States v. Murrell, 368 F.3d 1283 (11th Cir.), cert. denied, 125 S. Ct. 439 (2004), Anthony Murrell used his computer to arrange what he thought would be a sexual encounter with a 13-year-old girl through who he thought was that girl's father. In reality, a detective was on the internet posing as a man willing to rent his 13-year-old

6

daughter to Murrell for sex in exchange for $300. Murrell spoke with the "father" on the telephone, stated that he wanted to have oral sex and intercourse with the daughter, and agreed to meet at a Holiday Inn. Murrell arrived at the hotel at the specified time, bringing with him a teddy bear, $300 cash, and a box of condoms. He met with the detective, believing the detective was the girl's father, and stated that he was ready to meet the girl.

Murrell argued that his conduct was not criminally proscribed by the language of §2422(b) because he did not directly communicate with a minor or a person he believed to be a minor. The court of appeals, in rejecting that argument, held that:

> To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. . . .

Id. at 1286. The court found that by negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him, which fits squarely within the definition of "induce," satisfying the first element of attempt. The court further found that Murrell took a substantial step toward inducing a minor to engage in illicit sexual acts, thereby satisfying the second element of criminal attempt. He did this by (1) making several explicit incriminating statements to Detective Spector; (2) traveling two hours to another county to meet a minor girl for sex in exchange for money; and (3) carrying a teddy bear, $300.00 in cash, and a box of condoms when he arrived at the meeting site. "His actions, taken as a whole,

7

demonstrate unequivocally that he intended to influence a young girl into engaging in unlawful sexual activity and that his conduct was therefore criminal."

Therefore, the Murrell court specifically found that "direct communication with a minor or supposed minor is unnecessary under the text of § 2422(b), and that Murrell's conduct satisfied the elements of attempt".

In United States v. Root, 296 F.3d 1222 (11th Cir. 2002), cert. denied, 537 U.S. 1176 (2003), John Root traveled across state lines for the purpose of having sex with a minor after he engaged in sexually explicit conversations over the internet with a law enforcement officer posing as a 13-year-old girl. He was convicted of attempting to violate § 2422(b) and § 2423(b). The court of appeals rejected Root's argument that an actual minor is necessary for a conviction of either statute, citing United States v. Farner, 251 F.3d 510 (5th Cir. 2001); United States v. Miller, 102 F. Supp. 2d 946, 947-948 (N.D. Ill. 2000); and United States v. Powell, 1 F. Supp. 2d 1419, 1421 (N.D. Ala. 1998), aff'd, 177 F.3d 982 (11th Cir. 1999), all of which held that an actual minor is not required for an attempt conviction under these statutes.

In United States v. Meek, 366 F.3d 705 (9th Cir. 2004), police obtained permission from a minor and his father to use the minor's computer and AOL account (including his user name) to visit chat rooms. The minor had previously been involved in posing for sexually explicit pictures for someone he met in an Internet chat room. A detective posed as the minor and received e-mails and instant messages from the

defendant, Meek, who sent a sexually explicit photograph through the computer and spoke with the "boy" about having sex with him. Meek was charged with a violation of 18 U.S.C. § 2422(b). He argued that § 2422(b) does not apply when the actual victim is an adult rather than a minor. In rejecting that argument, the court had this to say:

> The statute requires mens rea, that is, a guilty mind. The guilt arises from the defendant's knowledge of what he intends to do. In this case, knowledge is subjective – it is what is in the mind of the defendant. Thus, a jury could reasonably infer that Meek knowingly sought sexual activity, and knowingly sought it with a minor. That he was mistaken in his knowledge is irrelevant. Meek possessed the guilty mind required by the statute.
>
> Meek's crime was an attempted violation of § 2422(b). The attempt provision of this statute underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime. It would be contrary to the purpose of the statute to distinguish the defendant who attempts to induce an individual who turns out to be a minor from the defendant who, through dumb luck, mistakes an adult for a minor. To hold otherwise would bestow a windfall to one defendant when both are equally culpable.

United States v. Meek, 366 F.3d at 718.

The court then analogized the attempt provision in § 2422(b) with the attempted solicitation of prostitution, where the criminal conduct is the knowing effort to solicit an individual for prostitution. "That the individual turns out to be a decoy undercover officer does not vitiate the criminal conduct – indeed, such sting operations are 'common practice.'" Id. at 719, quoting Rodriguez v. Panayiotou, 314 F.3d 979, 984 (9th Cir. 2002). In addition, such an interpretation of the statute would prevent law enforcement officers from effectively policing the illegal inducement of minors for sex. "Taking such a restrictive view of the statute would frustrate its purpose. . . . The fact that Meek was

9

mistaken in his belief that he was corresponding with a minor does not mitigate or absolve his criminal culpability; the simple fact of Meek's belief is sufficient as to this element of a § 2422(b) violation." United States v. Meek, 366 F.3d at 719, 720.

The reasoning of Meek was adopted by the Ninth Circuit with respect to both § 2422(b) and § 2423(b) in an unpublished opinion, United States v. Vail, 2004 WL 1257695 (9th Cir., June 7, 2004). See also United States v. Munro, 394 F.3d 865 (10th Cir.) (court of appeals affirmed conviction for attempt provision of § 2422(b) when facts of the case included an adult undercover officer posing as a 13-year-old girl on the internet), cert. denied, 125 S. Ct. 1964 (2005).

In United States v. Han, 230 F.3d 560 (2d Cir. 2000), an undercover officer posed as a 13-year-old girl on the internet, and Pierce Han began sexually explicit conversations with her in a chat room. He was arrested after he crossed state lines and arrived at the pre-arranged meeting place, intending to meet the girl for sex. Han's conviction for violating the attempt provision of § 2423(b) was affirmed.

The case law is clear that an actual minor is not necessary to charge or convict for the attempted violation of § 2423(b). Defendant states that "by alleging a person was attempting to have illicit sexual activity with a person who is over the age of 18 but posing as a minor, the government's interpretation of the statute imputes the definition to include apparent age." However, the government did not charge defendant with attempting to have illicit sexual activity with a minor. The indictment charges that

10

defendant "knowingly traveled in interstate commerce" – the activity – "for the purpose of attempting to engage in illicit sexual conduct with another person" – the reason for the travel. In addition, defendant's travel was not for the purpose of engaging in sex with an undercover law enforcement officer. The indictment alleges that defendant traveled in interstate commerce for the purpose of attempting to engage in illicit sex with a minor. It does not allege that defendant traveled across state lines for the purpose of engaging in sex "with the actual person to whom he chatted on the internet."

Based on the above, I find that a person of common intelligence would reasonably understand the statute to proscribe the conduct charged in count two of the indictment.

C.  *ARBITRARY ENFORCEMENT*

Since a person of common intelligence would reasonably understand the statute to proscribe the conduct charged in the indictment, the next question is whether the statute lends itself to arbitrary enforcement. Defendant puts forth the argument that the alleged vagueness of the statute permits "law enforcement officials to make, pick, and choose their unsuspecting targets who are often lonely men who like to talk the talk but not walk the walk in the safe anonymity of the Internet."

A similar argument was rejected in United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003), where the court stated that "the statute ensures that only those who 'knowingly' engage in the illegal conduct are subject to prosecution. This scienter requirement discourages 'unscrupulous enforcement'" and clarifies the statute.

11

Because of the scienter requirement, the government may only convict of traveling in interstate commerce to attempt to have illicit sex with a minor those individuals who are proven to have (1) traveled across state lines, (2) had the purpose of having sex with a minor, (3) intended the type of sexual activity specifically outlawed by and referenced in the statute, and (4) taken substantial steps in furtherance of having sex with a minor. There is simply no ability for law enforcement officials to arbitrarily enforce the statute, picking only on lonely men who like to talk the talk but not walk the walk.

D.  VAGUENESS

I have found no published cases in which a defendant challenged § 2423(b) for vagueness.[1] However, myriad criminal defendants have challenged the companion statute, § 2422(b) (knowingly persuading, inducing, enticing, or coercing any individual under the age of 18 to engage of illicit sex, charged here in count one) on the basis of vagueness, but all were unsuccessful.

In United States v. Thomas, – F.3d –, 2005 WL 1395114 (10th Cir. (Wyo.) June 14, 2005), Thomas challenged § 2422(b) as unconstitutionally vague. The court of appeals rejected that argument, holding that § 2422(b) requires only that the defendant intend to entice a minor, not that the defendant intend to commit the underlying sexual act. In United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004), the court of appeals

---

[1] In United States v. Young, 131 F.3d 138, 1997 WL 745826 (4th Cir. (Md.)), an unpublished opinion, the defendant challenged § 2423(b) as unconstitutionally vague. The district court denied the motion to dismiss, and the court of appeals affirmed the conviction and sentence "on the reasoning of the district court".

12

stated that Dhingra's vagueness argument "defies the ordinary understanding of the statutory language and introduces vagueness where there is none." In <u>United States v. Panvil</u>, 338 F.3d 1299 (11th Cir. 2003), the court rejected Panvil's argument that "entice", "induce", and "sexual activity for which any person can be charged with a criminal offense" leave ordinary citizens to guess at what communications would constitute illegal enticement or inducement. The court also held that the scienter requirement (i.e., that the defendant "knowingly" engage in the illegal conduct) discourages unscrupulous enforcement and clarifies § 2422(b). <u>Id</u>. at 1301.

## V. CONCLUSION

I find that § 2423(b), charged in count two of the indictment, involves no First Amendment protection; that a person of common intelligence would reasonably understand the statute to proscribe the conduct alleged in the indictment; and that the statute does not lend itself to arbitrary enforcement. Therefore, it is

RECOMMENDED that the court, after an independent review of the pleadings and applicable law, enter an order denying the defendant's motion to dismiss count two of the indictment as unconstitutionally vague.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 21, 2005

14