IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 05-00042-01-CR-W-DW |
| | ) | |
| v. | ) | |
| | ) | |
| BILLY G. HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Billy G. Hicks's motion to dismiss based on legal insufficiency of the indictment (Doc. 69). Hicks is charged with use of an interstate facility to attempt to entice a minor to engage in sexual activity, 18 U.S.C.§ 2422(b), interstate travel to attempt to engage in a sexual act with a minor, 18 U.S.C. § 2423(b), and criminal forfeiture. The government alleges that Hicks used the internet and telephone to entice a minor, then traveled from Florida to Missouri attempting to engage in a sexual act with her. The issue is whether Hicks can be convicted when the "minor" involved was, in fact, an adult law enforcement officer. Following this Court's ruling in United States v. Helder, No. 05-00125-01-CR-W-DW, the government cannot prove that Hicks violated the plain language of section 2422(b). See Hamling v. United States, 418 U.S. 87, 117 (1974) (indictment must contain the elements of the offense charged). By similar reasoning, the indictment under section 2423(b) must fall.

Section 2422(b) reads:

(b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so,

shall be fined under this title and imprisoned not less than 5 years and not more
than 30 years.

The government asserts that "belief" that a minor was involved in the enticement is sufficient to sustain an attempt conviction under the statute. The Court strongly disagrees. Nowhere in the statute does the word "belief" appear. To the contrary, the statute plainly states that the person being enticed must be an "individual who has not attained the age of 18 years." The statute is unambiguous on this point.

Congress is free to expand the statutory language of section 2422(b) if it so chooses. Legislatures are quite capable of resolving legislative ambiguities. The Missouri General Assembly, for example, has addressed this glaring problem by enacting the following language in the State's child solicitation statute:

> 1. A person at least twenty-one years of age or older commits the crime of enticement of a child if that person persuades, solicits, coaxes, entices, or lures whether by words, actions or through communication via the Internet or any electronic communication, any person who is less than fifteen years of age for the purpose of engaging in sexual conduct with a child.
>
> 2. *It is not an affirmative defense to a prosecution for a violation of this section that the other person was a peace officer masquerading as a minor.*
>
> 3. Attempting to entice a child is a class D felony.
>
> 4. Enticement of a child is a class C felony unless the person has previously pled guilty to or been found guilty of violating the provisions of this section, section 568.045, 568.050, or 568.060, RSMo, or this chapter, in which case it is a class B felony.

RSMo § 566.151 (emphasis added).

This Court is aware that three Circuits have held that the crime does not require an actual minor. See United States v. Farner, 251 F.3d 510, 512-13 (5th Cir. 2001); United States v.

2

Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227-31 (11th Cir. 2002), cert. denied, 537 U.S. 1176 (2003). Those rulings are not binding and, in the Court's view, are by and large dependent upon considerations of policy. See, e.g., Meek, 366 F.3d at 719 (9th Cir. 2004) (stating that a restrictive interpretation of section 2422 would preclude "sting operation[s]" and "would come at the cost of either rarely securing a conviction or putting an actual child in harm's way."). It is not the role of this Court (or any court) to impose its "own judgment" when deciding matters of law, nor should a court base its judicial rulings on policy considerations alone. See Roper v. Simmons, ___ U.S. ___, 125 S. Ct. 1183, 1221 (2005) (Scalia, J., dissenting). This is especially true when interpreting statutes. It is highly inappropriate "to read into the relevant statutes that which is not clearly present, since to do so 'would involve judicial activism into a political, legislative and/or executive area.'" In re Laub Baking Co., 642 F.2d 196, 198-99 (6th Cir. 1981) (quoting Carlson v. Landon, 342 U.S. 524 (1952)).

    The same reasoning applies to section 2423, which states:

> (b) Travel with intent to engage in illicit sexual conduct.—A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.
> . . . .
> (f) Definition.—As used in this section, the term "illicit sexual conduct" means (1) a sexual act (as defined in section 2246) with a person under 18 years of age . . . .

The Eleventh Circuit in Root extended its analysis of section 2422(b), holding that an actual minor victim is not necessary to sustain a conviction under section 2423(b). See Root, 296 F.3d

3

at 1231-32. Again, this Court disagrees. Under a plain reading, the statute criminalizes travel to engage in a sexual act with a person under 18 years of age. Here, there is no person under 18. The indictment under section 2423(b) must be dismissed. The forfeiture count cannot stand alone. It is hereby

>ORDERED that Hicks's motion to dismiss the indictment (Doc. 69) is GRANTED.

>/s/ DEAN WHIPPLE
>Dean Whipple
>United States District Judge

Date:  August 29, 2005.

4

Case 4:05-cr-00042-DW   Document 72   Filed 08/29/05   Page 4 of 4